Davis, P. J.
Moore, the appellant, who is an attorney of this court and was one of the attorneys for the plaintiff in this action, was appointed receiver therein of the rents of certain real estate affected by the action. His appointment was made by consent of the parties on the stipulation of Mr. Moore that he would charge no fees whatever for his services as such receiver provided no bond was required. Moore collected forty-nine dollars rent. The action on trial was dismissed, and the rent was thereupon demanded of the receiver by the defendant but was not paid, and a motion was then made upon due notice to Moore for an order requiring him to pay over such rent to the defendant or her attorney.
In answer to this motion Moore produced an ex parte order in an action between the same parties made in Kings county by special term, which, amongst other things, ordered that Moore, the receiver appointed in this action, resist and refrain from paying over to the defendant, or any person claiming the same, the rents above mentioned during the pendency of the action, and until the determination thereof or the further order of the court. No action had been in fact commenced, but a copy of this' order had been served on Moore. The special term, it would seem, regarded the order obviously as collusive, and made an order directing Moore to pay over the amount to the defendant or her attorney, and discharging the receiver on such payment from all further liability. After this order *446 was duly entered application was made at a special term upon an order to show cause, for an order staying proceedings therein pending this appeal. This application was denied, with costs, and an appeal was taken from the order denying the motion for the stay.
We see no reason for interfering with either of the orders. It was the duty of Moore, the receiver, to have paid over the money on the final disposition of the action in which he was appointed. He had expressly stipulated that no fees should be charged provided no bond was required, and it became his duty, he having collected forty-nine dollars, to hand the same over to the defendant upon the order of the court, in full settlement of his account as receiver.
The court had the right to treat the order obtained in Kings county in an action not in fact- commenced as no protection to the receiver. The effect of the order made on the motion was to vacate that order, and the appellant was in no danger of being punished for contempt in obeying the order to pay over the money. The stay of proceedings was purely discretionary, and the court evidently regarded the application as without merit and not made for a proper purpose, otherwise it would not have imposed costs.
We think both orders should be affirmed with ten dollars costs, besides disbursements.
Daniels and Beady, JJ., concur.